```
              UNITED STATES DISTRICT COURT
                       FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA
```

JEFFREY HUDAK,                  :
                                :
     Plaintiff              :    No. 3:13-CV-02212
                                :
  vs.                          :    (Judge Kane)
                                :
CAROLYN W. COLVIN, ACTING       :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
     Defendant              :

### MEMORANDUM AND ORDER

The above-captioned action is an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying Plaintiff Jeffrey Hudak social security disability insurance benefits.  Hudak is represented by counsel.

Under 42 U.S.C. § 405(g) and relevant case law, the court is generally limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence.  Chapter 20 of the Local Rules for the Middle District of Pennsylvania establishes the procedural mechanism for deciding challenges to the denial of social security disability benefits.

On August 26, 2013, an order was issued which, inter alia, directed the Commissioner to file an answer within 60 days of being served with the complaint. On November 1, 2013, the Commissioner appropriately filed a motion to dismiss the complaint and a brief in support thereof in lieu of the answer and the

transcript. In the motion the Commissioner requests that Hudak's complaint be dismissed because it was untimely filed. On November 11, 2013, Hudak filed a brief in opposition. The motion to dismiss became ripe for disposition on November 29, 2013, when the Commissioner elected not to file a reply brief.

The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty days after the mailing to the applicant a notice of the final decision of the Commissioner. 42 U.S.C. § 405(g). According to the Commissioner's regulations, an applicant for disability benefits may obtain review of the final decision of the Commissioner in federal court so long as a civil action is instituted within 60 days after receipt of the Appeals Council's notice of denial of a request for review. 20 C.F.R. § 422.210 (a), (c) (2009). The date of receipt of the notice of denial of a request for review by the Appeals Council is considered to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

The facts with respect to the present motion are undisputed. The final decision of the Commissioner was issued on June 13, 2013, and on that date a copy of the decision was mailed to Hudak at his address of record, 22 Arch Avenue, Clarks Summit, Pennsylvania 18411. Consequently, it was presumed that Hudak received the notice on Tuesday, June 18, 2013. Based on that

date, Hudak had until August 19, 2013, to file a civil action in federal court. Hudak, however, did not file his complaint until Thursday, August 22, 2013, 3 days after the deadline.

There is a procedure under the Social Security regulations for obtaining for good cause an extension of time of the 60-day limitation period by applying to the Appeals Council for such an extension. 20 C.F.R. § 422.210(c). There is no indication that Hudak took advantage of that procedure.

Hudak's counsel does not contest the late filing but argues it should be excused because of clerical error in his office or in the alternative the case stayed to allow him to seek permission from the Appeals Council to proceed with his case. Hudak offers no explanation as to why he was unable to file a civil action in a timely manner or why the 60-day filing period should be equitably tolled other than counsel's negligence.

Because it is the Appeals Council which has the authority to equitably toll the limitation period for good cause, it is doubtful that we have any authority in the first instance to do so, i.e., the Appeals Council should be given the first opportunity to address the issue. In any event in light of the circumstances presented, we do not see any basis for equitable tolling by us. However, we will grant a stay of the proceedings until May 31, 2014, to give Hudak an opportunity to file a request for extension with the Appeals Council.

An appropriate order follows.

                             S/ Yvette Kane
                             Yvette Kane
                             United States District Judge

Date: February 28, 2014