```
                  UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA
```

**JEFFREY HUDAK,**                    :
                                      :
      **Plaintiff**         :     No. 3:13-CV-02212
                                      :
  **vs.**                            :     (Judge Kane)
                                      :
**CAROLYN W. COLVIN, ACTING**         :
**COMMISSIONER OF SOCIAL**            :
**SECURITY,**                         :
                                      :
      **Defendant**         :

<u>**MEMORANDUM AND ORDER**</u>

        The above-captioned action is an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying Plaintiff Jeffrey Hudak social security disability insurance benefits.  Hudak is represented by counsel.

        Under 42 U.S.C. § 405(g) and relevant case law, the court is generally limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence.  Chapter 20 of the Local Rules for the Middle District of Pennsylvania establishes the procedural mechanism for deciding challenges to the denial of social security disability benefits.

        On August 26, 2013, an order was issued which, inter alia, directed the Commissioner to file an answer within 60 days of being served with the complaint.  On November 1, 2013, the Commissioner appropriately filed a motion to dismiss the complaint and a brief in support thereof in lieu of the answer and the

transcript. In the motion the Commissioner requests that Hudak's complaint be dismissed because it was untimely filed. On November 11, 2013, Hudak filed a brief in opposition. The motion to dismiss became ripe for disposition on November 29, 2013, when the Commissioner elected not to file a reply brief.

      The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty days after the mailing to the applicant a notice of the final decision of the Commissioner. 42 U.S.C. § 405(g). According to the Commissioner's regulations, an applicant for disability benefits may obtain review of the final decision of the Commissioner in federal court so long as a civil action is instituted within 60 days after receipt of the Appeals Council's notice of denial of a request for review. 20 C.F.R. § 422.210 (a), (c) (2009). The date of receipt of the notice of denial of a request for review by the Appeals Council is considered to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

      The facts with respect to the present motion are undisputed. The final decision of the Commissioner was issued on June 13, 2013, and on that date a copy of the decision was mailed to Hudak at his address of record, 22 Arch Avenue, Clarks Summit, Pennsylvania 18411. Consequently, it was presumed that Hudak received the notice on Tuesday, June 18, 2013. Based on that

date, Hudak had until August 19, 2013, to file a civil action in federal court.  Hudak, however, did not file his complaint until Thursday, August 22, 2013, 3 days after the deadline.

There is a procedure under the Social Security regulations for obtaining for good cause an extension of time of the 60-day limitation period by applying to the Appeals Council for such an extension.  20 C.F.R. § 422.210(c).  Hudak prior to filing the present action did not take advantage of that procedure.

Hudak's counsel did not contest the late filing but argued it should be excused because of clerical error in his office or in the alternative the case stayed to allow him to seek permission from the Appeals Council to proceed with his case. Hudak offered no explanation as to why he was unable to file a civil action in a timely manner or why the 60-day filing period should be equitably tolled other than counsel's negligence.

We did not see any basis for equitable tolling by us. However, Hukak argued that we should stay the case to give him an opportunity to request an extension from the Appeals Council. In light of that argument on February 28, 2014, we stayed the proceedings until April 30, 2014, to give Hudak an opportunity to file a request for extension with the Appeals Council.  We also set a schedule for Hudak to file a status report regarding his request to the Appeals Council.

On April 22, 2014, Hudak filed a status report in which he indicated that the Appeals Council on March 25, 2014, denied his request for an extension of time in which to file a civil action in this court.  In light of that denial we will direct Hudak to show cause why his complaint should not be dismissed as untimely.

An appropriate order follows.

    S/ Yvette Kane
Yvette Kane
United States District Judge

Date: May 28, 2014