```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **JEFFREY HUDAK,** | : | |
| | : | |
| Plaintiff | : | No. 3:13-CV-02212 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| **CAROLYN W. COLVIN, ACTING** | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** | : | |
| | : | |
| Defendant | : | |

<u>**MEMORANDUM AND ORDER**</u>

The above-captioned action is an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying Plaintiff Jeffrey Hudak social security disability insurance benefits. On November 1, 2013, the Commissioner filed a motion to dismiss the complaint on the grounds that it was untimely filed.

The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty days after the mailing to the applicant a notice of the final decision of the Commissioner. 42 U.S.C. § 405(g). According to the Commissioner's regulations, an applicant for disability benefits may obtain review of the final decision of the Commissioner in federal court so long as a civil action is instituted within 60 days after receipt of the Appeals Council's notice of denial of a request for review.  20 C.F.R. § 422.210

(a), (c) (2009). The date of receipt of the notice of denial of a request for review by the Appeals Council is considered to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

Here, the final decision of the Commissioner was issued on June 13, 2013, and on that date a copy of the decision was mailed to Hudak at his address of record. Consequently, it was presumed that Hudak received the notice on Tuesday, June 18, 2013. Hudak thus had until August 19, 2013, to file a civil action in federal court. Hudak, however, did not file his complaint until Thursday, August 22, 2013, 3 days after the deadline.

There is a procedure under the Social Security regulations for obtaining, for good cause, an extension of time of the 60-day limitation period by applying to the Appeals Council. 20 C.F.R. § 422.210(c). Hudak, prior to filing the present action, did not take advantage of that procedure.

Hudak's counsel conceded the untimeliness of the complaint but argued that it should be excused because of clerical error in his office or in the alternative the case stayed to allow him to seek permission from the Appeals Council to proceed with his case. Hudak offered no explanation as to why he was unable to file a civil action in a timely manner or why the 60-day filing period should be equitably tolled other than counsel's negligence.

However, Hudak argued that we should stay the case to give him an opportunity to request an extension from the Appeals

Council.  Thus, on February 28, 2014, we stayed the proceedings until April 30, 2014, to give Hudak an opportunity to file a request for extension with the Appeals Council.  On April 22, 2014, Hudak informed the court that the Appeals Council denied his request for an extension of time in which to file a civil action.  In light of that denial the court directed Hudak to show cause why his complaint should not be dismissed as untimely.

On June 9, 2014, Hudak filed a brief in which he again argues that his counsel's negligence is a basis to equitably toll the 60-day statute of limitations.  Mere negligence by an attorney is not a basis for equitable tolling of the 60-day statute of limitations. Hammonds v. Bowen, 870 F.2d 446,448 (8th Cir. 1989)("We have found no authority to support an exception to the sixty-day requirement for a claimant whose attorney fails to appeal within that time."). In a similar situation, the Third Circuit Court of Appeals has held that mere negligence of an attorney is not sufficient to toll the 90-day period governing the filing of a lawsuit after receiving a right-to-sue letter from the Equal Employment Opportunity Commission. Rockmore v. Harrisburg Property Service, 501 Fed. Appx. 161, 164 (3d Cir. 2012).  Instead Hudak must show that he was in some "extraordinary way" prevented from exercising his right to appeal. Id.  The conduct of the attorney must go beyond "garden variety neglect." Id.  Other than asserting counsel's negligence in meeting the deadline, Hudak has not articulated any circumstances which would permit equitable

tolling of the 60-day period for filing a complaint in this court. Therefore, the court will dismiss Hudak's complaint as untimely.

An appropriate order follows.

                                S/ Yvette Kane
                                Yvette Kane
                                United States District Judge

Date: October 15, 2014